AARON KAUFMANN, SBN 148580
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA  94612
Telephone: (510) 272-0169
Facsimile:  (510) 272-0174
akaufmann@leonardcarder.com

CHARLES P. YEZBAK, III
YEZBAK LAW OFFICES PLLC
2021 Richard Jones Road, Suite 310-A
Telephone: (615) 250-2000
Facsimile: (615) 250-2020
yezbak@yezbaklaw.com

*Pro Hac Vice* Motion Forthcoming

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA DAILEY, on behalf of herself and all others similarly situated, | CASE No. |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT FOR DAMAGES<br>(1) Failure to Pay Overtime Wages, FLSA, 29 U.S.C. § 207. |
| v. | |
| TENET HEALTHCARE CORPORATION; CONIFER HEALTH SOLUTIONS, LLC; and CONIFER REVENUE CYCLE SOLUTIONS, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

COLLECTIVE ACTION COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. Plaintiff Barbara Dailey, individually and on behalf of all similarly situated persons, files this Collective Action Complaint to recover unpaid overtime compensation from Tenet Healthcare Corporation ("Tenet"), Conifer Health Solutions, LLC ("CHS"), and Conifer Revenue Cycle Solutions, LLC ("Conifer") (collectively, "Defendants") under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19.

2. Tenet is a multinational healthcare services company.

3. CHS, a Tenet subsidiary, offers healthcare business solutions to its more than 600 customers, including dozens of health care providers in the Northern District of California.

4. Conifer, a CHS subsidiary, provides revenue cycle solutions to healthcare providers, including dozens of health care providers in the Northern District of California.

5. Conifer partners with healthcare providers to increase revenue.

6. Defendants employed Plaintiff and other non-exempt employees to appeal denials of coverage by insurance companies under various job titles, including but not limited to Remote Appeals Clinician (collectively, "Appeals Writers").

7. Defendants paid their Appeals Writers on a salary basis until August 1, 2020.

8. Plaintiff and other of Defendants' Appeals Writers regularly worked over 40 hours per workweek.

9. Plaintiff and other similarly situated employees regularly worked 60 or more hours in a workweek.

10. Defendants classified their Appeals Writers as exempt from overtime compensation under the FLSA and did not pay them overtime when they worked over 40 hours in individual workweeks until August 1, 2020.

11. Plaintiff's and other Appeals Writers' primary job duty consists of reviewing denials of insurance coverage against predetermined guidelines to identify any basis for an appeal of the denial and writing an appeal letter based on the predetermined guidelines ("Appeals Work").

12. The Appeals Work performed by Plaintiff and other Appeals Writers is non-exempt work under the FLSA.

## II. JURISDICTION

13. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because Plaintiff's FLSA claims arise under federal law, 29 U.S.C. § 216(b).

## III. VENUE

14. Venue is proper in this District under 28 U.S.C. §1391 because not all defendants are residents of the State of California and each of the defendants conduct business in this District.

15. Venue is also proper in this District pursuant to California Code of Civil Procedure section 395.5. Tenet is a Nevada Corporation. While it has registered with the California Secretary of State, it has not identified a principal business office in California on its registration form or most recent Statement of Information on file. It can thus be sued in any county in California under section 395.5.

## III. PARTIES

**A. PLAINTIFF**

15. Plaintiff Dailey is an individual; she resides in Joelton, Tennessee.

16. Plaintiff has worked for Defendants since 2015.

**B. DEFENDANTS**

17. Tenet is a Nevada corporation.

18. Tenet's principal place of business is in Dallas, Texas.

19. CHS is a Delaware limited liability company.

20. CHS's principal place of business is in Dallas, Texas.

21. Conifer is a California limited liability company.

22. Conifer's principal place of business is in Frisco, Texas.

23. Defendants are an "enterprise" under the FLSA. 29 U.S.C. § 203(r)(1).

24. Specifically, Defendants are an enterprise engaged in commerce or in the production of goods for commerce. *Id.* § 203(s)(1)(A).

25. Defendants have more than $500,000 in sales made or business done in each of the last 3 calendar years.

26. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and other Appeals Writers.

27. Defendants form a single employer for purposes of liability under the FLSA.

28. During her employment, Plaintiff was an employee of Defendants under the FLSA. *Id.* § 203(e).

29. During her employment, Defendants was Plaintiff's employer under the FLSA. *Id.* § 203(d).

30. Tenet is the parent company of CHS.

31. CHS is the parent company of Conifer.

32. Plaintiff's job description includes the names of Tenet and CHS.

33. Plaintiff's job description states that CHS is the hiring entity.

34. Plaintiff's tax and pay documents include the name of Conifer.

35. Defendants share common owners.

36. Defendants share a common policy of misclassifying Appeals Writers as exempt from overtime under the FLSA.

37. Tenet is responsible for the common policy of misclassifying Appeals Writers.

38. Defendants share common management employees.

39. Defendants share common corporate offices.

40. Tenet exercises centralized control over the labor relations for all Defendants.

41. Inter-company transfers and promotions of personnel between Defendants are common.

42. There is a significant overlap of financial control and ownership for all Defendants.

### IV.   STATEMENT OF FACTS

43. Plaintiff has worked for Defendants as an Appeals Writer since 2015.

44. During her employment with Defendants, Plaintiff performed Appeals Work.

45. During her employment with Defendants, Plaintiff's job duties did not include regularly directing the work of two or more employees.

46. During her employment with Defendants, Plaintiff did not have the authority to hire, fire, suspend, or otherwise discipline any of Defendant's other employees.

47. During her employment with Defendants, Plaintiff's primary job duty was not managing Defendants' business or any subdivision of Defendants' business.

48. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

49. During her employment with Defendants, Plaintiff could not waive or deviate from Defendants' established policies or procedures in performing Appeals Work without prior approval.

50. During her employment with Defendants, Plaintiff's job duties did not involve developing, reviewing, or evaluating the business policies of Defendants or Defendants' customers.

51. During her employment with Defendants, Plaintiff's job duties did not involve formulating, interpreting, or implementing management policies for Defendants or Defendants' customers.

52. During her employment with Defendants, Defendants required Plaintiff to perform her job duties in accordance with their corporate policies, procedures, guidelines, and guidelines embedded in Defendants' computer software.

53. During her employment with Defendants, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Appeals Work.

54. During her employment with Defendants, Plaintiff's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

55. During her employment with Defendants, Plaintiff's job duties did not involve planning the short-term or long-term business objectives of Defendants or Defendants' customers.

56. Defendants suffered or permitted Plaintiff and other similarly situated employees to work over 40 hours in one or more individual workweeks during the last 3 years.

57. During her employment with Defendants, Plaintiff and other similarly situated employees worked over 40 hours in one or more individual workweeks during the last 3 years.

58. During her employment with Defendants, Plaintiff regularly worked 60 or more hours per workweek.

59. When Plaintiff and other similarly situated employees worked over 40 hours in individual workweeks, Defendants did not pay her overtime compensation at 1.5 times the employee's regular rate of pay.

60. Defendants classified Plaintiff, and other similarly situated employees, as exempt from the overtime provisions of the FLSA at least until August 1, 2020.

61. Defendants paid Plaintiff a salary until August 2020.

62. In or around August 2020, Defendants began paying Plaintiff and other Appeals Writers by the hour instead of a salary.

63. Defendants have attempted to settle the FLSA claims with Plaintiff and other similarly situated employees without the supervision of a court or the Department of Labor and are soliciting releases from Plaintiff and other similar situated employees.

64. Defendants attempted to settle the FLSA claims and solicit releases based on a calculation using time worked in only one of the many software programs Appeals Writers use to perform their jobs.

65. By using only one software program, Defendants failed to account for all hours worked by Plaintiff and other similarly situated employees.

66. Upon information and belief, Defendants knew, or reasonably should know, that their offers to pay back wages undercount compensable hours and exclude liquidated damages.

67. Any releases obtained by Defendants should be invalid and Defendants should cease communications with Putative Class members about their unpaid overtime, and should be prohibited from making any payments or collecting any releases during the pendency of this litigation.

## V. COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff brings her FLSA claims as a collective action.

69. Plaintiff's consent form is attached hereto as Exhibit 1.

70. The collective is defined as follows:

71. All individuals employed by Defendant as Appeals Writers at any time in the last three years who were paid a salary and classified as exempt from overtime ("Putative Class").

72. Plaintiff is similarly situated to the Putative Class members; they were paid in the same manner, were misclassified as exempt, and performed similar job duties.

73. In the past three years, Defendants have employed at least 100 individuals who performed the same primary duties as Plaintiff.

74. Each of the Defendants were the Putative Class members' employer under the FLSA. Id. § 203(d).

75. Defendants classified Appeals Writers as exempt from the overtime provisions of the FLSA and paid them a salary without the requisite overtime premium.

76. Of Defendants' Appeals Writers, who were classified as exempt and performed the same primary duties as Plaintiff during the Relevant Period, some or all worked over 40 hours in one or more individual workweeks.

77. Defendants maintained one or more common job descriptions for Appeals Writers.

78. Defendants have names and addresses for Putative Class members in their payroll or personnel records.

79. Defendants have email addresses for Putative Class members in their payroll or personnel records.

80. Defendants have phone numbers for Putative Class members in their payroll or personnel records.

81. Defendants were aware or should have been aware that the FLSA required them to pay the Putative Class members overtime if they primarily performed non-exempt work.

82. Defendants actions of misclassifying Plaintiff and the Putative Class members as exempt from overtime was willful and not in good faith.

## VI.   CLAIMS
### FIRST CLAIM
### FAILURE TO PAY OVETRIME
### 29 U.S.C. § 207
**(ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE ACTION MEMBERS)**

83. Plaintiff incorporates here all the previous allegations of this Complaint.

84. Plaintiff was not exempt from the overtime provisions of the FLSA.

85. Putative Class members were not exempt from the overtime provisions of the FLSA.

86. Defendants suffered or permitted Plaintiff to work, and she did work, over 40 hours in one or more individual workweeks within the last three years.

87. Defendants suffered or permitted Putative Class members to work, and they did work, over 40 hours in one or more individual workweeks within the last three years.

88. Defendants paid Plaintiff a salary and no overtime compensation within the last three years.

89. Defendants paid Putative Class members a salary and no overtime compensation within the last three years.

90. Defendants violated the FLSA by failing to pay overtime to Plaintiff at 1.5 times her regular rate of pay when she worked over 40 hours in one or more individual workweeks within the last three years.

91. Defendants violated the FLSA by failing to pay overtime to Putative Class members at 1.5 times their regular rates of pay when they worked over 40 hours in one or more individual workweeks within the last three years.

92. Defendants' failure to pay Plaintiff and the Putative Class members 1.5 times their regular rate for all hours worked over 40 in a workweek was willful, as Defendants were aware or should have been aware that the FLSA required them to pay Plaintiff and the Putative Class members overtime.

## VII.   JURY DEMAND

93. Plaintiff demands a jury trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Putative Class members, seeks a judgment against Defendants as follows:

    A. An Order designating this lawsuit as a collective action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

    B. All unpaid overtime wages due to Plaintiff and the Putative Class members;

    C. Pre-judgment and post-judgment interest;

    D. Liquidated damages equal to the unpaid overtime compensation awarded;

    E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

    F. Such other relief as the Court deems appropriate.

DATED: August __, 2020　　　　　　　　LEONARD CARDER, LLP

　　　　　　　　　　　　　　　　　　By: ___/s/ Aaron D. Kaufmann___
　　　　　　　　　　　　　　　　　　　　　　AARON D. KAUFMANN

DATED:　August __, 2020　　　　　　　　YEZBAK LAW OFFICES PLLC

　　　　　　　　　　　　　　　　　　By: ___/s/ Charles P. Yezbak, III___
　　　　　　　　　　　　　　　　　　　　　　CHARLE P. YEZBAK, III
　　　　　　　　　　　　　　　　　　*Pro Hac Vice* Motion Forthcoming
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

### SIGNATURE ATTESTATION Local Rule 5-1(i)(3)

    I, Aaron Kaufmann, attest that the other signatory to this document concurs in the filing of this document.

　　　　　　　　　　　　　　　　　　___/s/ Aaron D. Kaufmann___
　　　　　　　　　　　　　　　　　　　　Aaron D. Kaufmann